IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DYSHA WRIGHT,<br><br>               Petitioner,<br><br>       vs.<br><br>HUDSON, Warden,<br><br>               Respondent. | No. 9:12-cv-01638-JKS<br><br>MEMORANDUM DECISION |

Dysha Wright, a federal prisoner proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus with this Court pursuant to 28 U.S.C. § 2241.  Wright is in the custody of the Federal Bureau of Prisons ("BOP") and incarcerated at USP Pollock.  Respondent has answered, and Wright has replied.  Wright does not challenge his conviction, but rather alleges that the BOP improperly denied him credit toward his federal sentence for time spent in state custody.  For the reasons discussed below, the Court rejects this claim.

## I. BACKGROUND/PRIOR PROCEEDINGS

On March 24, 2007, Wright, who was then on state parole, was arrested by the Philadelphia Police Department and charged  in case number CP-51-CR-0004044-2007 with aggravated assault, criminal conspiracy engaging in murder, firearms not to be carried without a license, and intentionally and knowingly failing to relinquish a firearm.  Although that case was later dismissed, Wright remained in state custody on pending parole violations in case numbers CP-51-CR-0810791-2004 and CP-51-CR-1005761-2005.

While in state custody, Wright was indicted on federal charges and temporarily transferred to federal custody after the issuance of a writ of habeas corpus ad prosequendum[1] on August 17, 2007. On March 30, 2009, the United States District Court for the Eastern District of Pennsylvania sentenced Wright in case number Cr 07-433-01 to an imprisonment term of 120 months for possession with intent to distribute cocaine base, possession of a firearm in furtherance of a drug trafficking crime, and possession of a firearm by a convicted felon.[2] Wright was returned to the state of Pennsylvania on April 7, 2009. It thus appears that Wright remained in federal confinement through his federal trial and sentencing.

On October 9, 2009, the Commonwealth of Pennsylvania sentenced Wright in case number MC-51-CR-0026670-2009, which appears to have involved new weapons-related charges, to a term of imprisonment of 6 to 12 months. This term of imprisonment expired on November 7, 2010.

On March 1, 2010, Wright was sentenced on his parole violation in case number CP-51-CR-0810791-2004 to a term of imprisonment of 9 to 18 months. He was awarded credit for time served from March 24, 2007, to March 1, 2010; his sentence thus expired the same day it was issued.

---

[1]    A writ of ad prosequendum orders the production of a prisoner in court for the purpose of standing trial. *See* 28 U.S.C. § 2241(c)(5); *United States v. Mauro*, 435 U.S. 340, 357-58 (1978). If a prisoner is serving a state sentence when he is produced for a federal prosecution, the writ temporarily transfers him to federal custody for prosecution but the state retains primary custody for the purpose of calculating his state sentence. *Lugo v. Hudson*, 785 F.3d 852, 854-55 (2d Cir. 2015) (citing *United States v. Ferman*, 252 F.3d 102, 108 n.10 (2d Cir. 2001)).

[2]    The Eastern District of Pennsylvania subsequently reduced the term of imprisonment to 114 months.

On April 6, 2010, Wright was sentenced on his parole violation in case number CP-51-CR-1005761-2006 to a term of imprisonment of 6 to 12 months to be served consecutively to the term imposed in case number CP-51-CR-0810791-2004. This term of imprisonment also expired on November 7, 2010.

While serving his state sentences, Wright committed additional offenses of aggravated assault, simple assault, and recklessly endangering another person. He was sentenced in case number MC-51-CR-0038219-2010 to a term of imprisonment of 8 to 12 months. This term of imprisonment expired on May 10, 2011. On that date, he was released to the custody of the United States Marshals to begin service of his federal sentence.

In August 2011, Wright sought a retroactive *nunc pro tunc* designation requesting that his state institution be designated as his official place of imprisonment for his federal sentence since his return to state custody on April 7, 2009, and that he receive credit for the time he spent in federal imprisonment during his federal prosecution from August 17, 2007, to April 7, 2009. The BOP denied Wright's retroactive designation request as follows on August 4, 2011:

> According to the Designation & Sentence Computation Center (DSCC), you served a state parole violation until 11-07-2010 and remained in custody on assault charges. You received another sentence of 6 to 12 months and paroled off this charge on 05-10-2011. Your federal sentence begins on 05-10-2011.

Wright administratively appealed the denial to the Regional Office. The BOP then sent a letter dated January 31, 2012, to the sentencing judge on the Eastern District of Pennsylvania to obtain the court's position regarding Wright's request. The Court indicated in response that it "d[id] not feel strongly about whether a retroactive designation would be appropriate" but "would probably give [Wright] the benefit of the doubt and do a retroactive designation" if he

had served his state sentences without incident.  The BOP nonetheless denied Wright's

administrative appeal on May 8, 2012:

> As a result of the decision in <u>Barden v. Keohane</u>, the Bureau of Prisons (Bureau) considers an inmate's request for prior custody credit for time spent in state custody as a request for a *nunc pro tunc* concurrent designation.  In accordance with Program Statement 5160.05, <u>Designation of State Institution for Federal Sentence</u>, a designation effecting concurrent service of state and federal sentences is made only when it is consistent with the goals of the criminal justice system.
>
> We have reviewed your appeal in accordance with the factors provided in 18 U.S.C. § 3621(b).[3]  In your case, we have determined the relevant factors under 18 U.S.C. § 3621(b) are (2), (3), (4) and (5).  Under factor (2), your federal offenses are Possession with Intent to Distribute Cocaine, Possession of a Firearm by a Convicted Felon, and Possession of a Firearm in Furtherance of a Drug Trafficking Crime.  Under factor (3), you have prior arrests and/ or convictions for Parole Violation, Possession of an Instrument of Crime, Simple Assault, Criminal Trespass, Theft Unlawful Taking, Unauthorized Use of an Auto, Possessing an Instrument of Crime, Simple Assault, Terroristic Threats, Carrying Firearms without a License, and Intentionally Possessing a Controlled Substance.  Under factor (4), the Court was silent concerning the relationship of its sentence with any state sentence.  Under factor (5), one count of your federal sentence was in violation of 18 U.S.C. § 924(c), which mandates a consecutive term.
>
> Pursuant to 18 U.S.C. § 3584(a) "multiple terms of imprisonment imposed at different times run consecutively unless the Court orders that the terms are to run concurrently."  Therefore, the federal Court was contacted for its input concerning its position on a concurrent designation for you.  The Court based its recommendation on your disciplinary conduct while serving your previous state sentences, however, your

---

3          That section enumerates the following five factors:

> (1) the resources of the facility contemplated;
> (2) the nature and circumstances of the offense;
> (3) the history and characteristics of the prisoner;
> (4) any statement by the court that imposed the sentence—
>> (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>> (B) recommending a type of penal or correctional facility as appropriate; and
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b).

disciplinary record for the relevant state sentence revealed several incidents of serious misconduct.

> Based on the foregoing, we have determined that a concurrent *nunc pro tunc* designation is not appropriate. Your sentence has been computed in accordance with the applicable statutes, Bureau police, and the sentencing Court's intent.

> Your appeal is denied.

Wright timely filed a Petition for a Writ of Habeas Corpus to this Court on October 31, 2012.

## II. GROUNDS RAISED

In his *pro se* Petition before this Court, Wright challenges the denial of his *nunc pro tunc* request. According to Wright, he is entitled to credit against his federal sentence since August 17, 2007, the date he was indicted in federal court and transferred from state to federal custody via issuance of a writ of habeas corpus ad prosequendum, and including the period he spent in state custody from April 7, 2009, to May 10, 2011.

## III. STANDARD OF REVIEW

Wright brings the instant Petition pursuant to 28 U.S.C. § 2241. As the Second Circuit has explained:

> Section 2241 . . . is the proper means to challenge the execution of a sentence. In a § 2241 petition a prisoner may seek relief from such things as, for example, the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated.

*Adams v. United States*, 372 F.3d 132, 135 (2d Cir. 2004); *see also Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001); *Chambers v. United States*, 106 F.3d 472, 474-75 (2d Cir. 1997).

Although a prisoner can challenge determination of credit on the federal sentence, "[t]he Attorney General, through the BOP, possesses the sole authority to make credit determinations

pursuant to 18 U.S.C. § 3585(b); the district courts do not have authority to order the BOP to either grant or deny credit or to disregard the BOP's calculations." *United States v. Whaley*, 138 F.3d 205, 206-07 (2d Cir. 1998) (citing *United States v. Wilson*, 502 U.S. 329, 333, 335 (1992); *see also United States v. Pineyro*, 112 F.3d 43, 45 (2d Cir. 1997) ("After a defendant is sentenced, it falls to BOP, not the district judge to determine when a sentence is deemed to 'commence'; and whether the defendant should be awarded credit for 'good time.'" (citations omitted)). It is well established that the "Bureau of Prisons, and not the courts, determines when a defendant's sentence starts and whether the defendant should receive any credit for any prior time spent in custody." *United States v. Montez-Gaviria*, 163 F.3d 697, 700-01 (2d Cir. 1998); *see also* 18 U.S.C. § 3585(a). Thus, with respect to a § 2241 petition challenging the computation of credit on a federal sentence, a district court has the power only to review a decision by the BOP, not to make credit determinations in the first instance.

*Nunc pro tunc* designation is a retroactive designation that the BOP may grant in accordance with the discretion it is given under 18 U.S.C. § 3621(b) to designate the place of a federal prisoner's confinement. That provision allows the BOP to designate a place of imprisonment "maintained by the Federal Government or otherwise." 18 U.S.C. § 3621(b). In the event the BOP denies a *nunc pro tunc* designation, "any further court review of the Bureau's action will be limited to abuse of discretion." *Barden v. Keohane*, 921 F.2d 476, 478 (3d Cir. 1990). "[S]uch a designation by the BOP is plainly and unmistakenly within the BOP's discretion and [the court] cannot lightly second guess a deliberate and informed determination by the agency charged with administering federal prison policy." *Taylor v. Sawyer*, 284 F.3d 1143,

6

1149 (9th Cir. 2002) (citing *McCarthy v. Doe*, 146 F.3d 118, 123 (2d Cir. 1988); *Barden*, 921 F.2d at 478).

## IV. DISCUSSION

Wright's first argument is addressed to the BOP's calculation of his sentence. Wright asserts that it is "crystal clear" that he should be given credit against his federal sentence from at least August 17, 2007, the date he was transferred to federal custody pursuant to a federal writ of habeas corpus ad prosequendum, to April 7, 2009, the date he was returned to state custody after federal sentencing. Wright contends that this is particularly true given that he was in federal custody and had not, as of that time, been sentenced in state court.

But Wright does not allege that the writ ad prosequendum was invalid. Wright was thus transferred to federal custody pursuant to a valid writ ad prosequendum, which operates to allow a governmental entity "borrow" a prisoner from his primary custodian. *Lugo*, 785 F.3d at 855 (citing *Thomas v. Whalen*, 962 F.2d 358, 360-61 & n.3 (4th Cir. 1992)). The record is clear that the Commonwealth of Pennsylvania treated Wright as remaining within state custody during his federal prosecution and credited that period of time towards his state sentence. *See id.* (citing *United States v. Fermin*, 252 F.3d 102, 108 n.10 (2d Cir. 2001) ("a defendant held at a federal detention facility is not 'in custody' for the purposes of [commencement of a federal sentence] when he is produced through a writ of habeas corpus ad prosequendum")). When Wright was released from state custody on May 10, 2011, and delivered to federal officials, he began serving his federal sentence. The BOP thus did not incorrectly calculate his sentence with respect to the period he was under federal prosecution. *Id.* at 855-56 (citing *United States v. Labeille-Soto*, 163 F.3d 93, 99 (2d Cir. 1998) (a "defendant has not right to credit on his federal sentence for

time that has been credited against his prior state sentence")); *see also Tisdale v. Menifee*, 166 F.

Supp. 2d 789, 791-92 (S.D.N.Y. 2001) (even if petitioner was in federal custody when a federal

detainer was lodged against him, his claim for credit must be dismissed because he received state

credit for the time served under the federal detainer).

Wright further alleges that the BOP erred in denying his *nunc pro tunc* designation

request. Under 18 U.S.C. § 3621(b), the BOP has the authority to designate a non-federal

facility as a place of federal confinement. *Abdul Malik v. Hawk Sawyer*, 403 F.3d 72, 73 (2d Cir.

2005). The practical effect in such a case is that the federal and state sentences would run

concurrently. *Id.* (citing *McCarthy*, 146 F.3d at 122-23); *see also Barden*, 921 F.2d at 480 (state

incarceration may be credited to federal sentence if the BOP *nunc pro tunc* designates state

facility as the facility where petitioner served part of his federal sentence). The BOP is under no

obligation to grant a *nunc pro tunc* designation, but the BOP must give full and fair

consideration to the language of the federal and state judgments, the state sentencing records,

and any other pertinent information relating to the federal and state sentences in accordance with

the factors enumerated in 18 U.S.C. § 3621(b), as noted in note 3, *supra*.[4] BOP Program Policy

---

[4]      The BOP does not have authority to decide whether a sentence should run
concurrently or consecutively to other sentences where the statutory presumptions of 18 U.S.C.
§ 3584(a) are applicable. *McCarthy*, 146 F.3d at 122. Section 3584(a) presumes that "terms of
imprisonment imposed at different times run consecutively." That presumption, however, only
applies "where a term of imprisonment is imposed on a defendant who is already subject to an
undischarged term of imprisonment." § 3584(a). The presumption of § 3584(a) is inapplicable
where, as here, a federal court imposes a sentence on a defendant who is not already subject to a
state sentence. *McCarthy*, 146 F.3d at 121-22; *see also Abdul Malik*, 403 F.3d at 75. Thus, the
presumption of § 3584(a) does not apply to Wright's state prison term, and the BOP was
required to provide full and fair consideration of Wright's *nunc pro tunc* request.

Statement 5160.05(9)(b)(4)(b) (governing inmate requests for *nunc pro tunc* designations) (Docket No. 14-6 at 5-8).

The record here shows that the BOP considered the § 3621(b) factors, as required by *Barden*. Specifically, in its administrative appeal denial, the BOP gave a brief explanation of why the *nunc pro tunc* designation was inappropriate to each of the factors it deemed relevant.[5] With regard to the second factor, the BOP listed Wright's federal offenses. While that cursory treatment might give the Court pause that the BOP did not take into account "the nature and circumstances of the offense[s]" as required, it appears that the BOP was indicating that the federal offenses were quite serious and unrelated to the parole violations and assault convictions under which Wright was in state custody. Under the third factor, "the history and characteristics of the prison, the BOP provided a list of Wright's prior arrests and/or convictions. Under the fourth factor, the BOP noted that the federal sentencing court "was silent concerning the relationship of its sentence with any state sentence." The BOP further found that the fifth factor, "any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28," weighed against Wright's request as one count of his federal sentence was in violation of 18 U.S.C. § 924(c), which mandates a consecutive term. Finally, the BOP noted that it had contacted the federal sentencing court for its position on a concurrent designation, and that court had based its recommendation on Wright's disciplinary conduct while in jail, which the BOP indicated "revealed several incidents of serious misconduct." Thus, because the BOP took into account all five factors under § 3621(b), it provided full and fair consideration to

---

[5] The BOP indicated that it found the first factor, "the resources of the facility contemplated," not applicable to Wright's case.

Wright's *nunc pro tunc* request.  Accordingly, the BOP did not abuse its discretion in denying

Wright's request.

Wright nonetheless argues that concurrent designation is appropriate because the state

court sentencing judge indicated that his state imprisonment term should run concurrently with

the already-imposed federal term.  According to Wright, "The state judge had the authority to

impose his sentence consecutive to the federal sentence that was already imposed, but given all

the facts chose not to do so."  There does not appear to be evidence in the record that the state

court believed Wright's state sentence would run concurrent to his federal sentence.  But even

assuming that Wright's assertion is true, that fact does not warrant relief because the state court's

determination is not binding on federal authorities.  *Abdul-Malik*, 403 F.3d at 75; *Barden*, 921

F.2d at 478 n.4.  In *Johnson v. Langford*, the petitioner appealed the BOP's denial of his *nunc*

*pro tunc* request, arguing that the state court indicated that the state and federal sentences would

run concurrently.  No. 9:15-cv-0048, 2014 WL 582097, at \*5 (N.D.N.Y. Oct. 5, 2015).  The

court rejected that argument, noting that, "[w]hile it [wa]s quite clear from the sentencing

transcript that the state court judge believed that the state and federal sentences would run

concurrently, the intent of the state court judge cannot change federal law."  *Id.*

The record here indicates that the period of Wright's federal prosecution was properly

credited against Wright's state sentence, and the BOP gave full and fair consideration to

Wright's *nunc pro tunc* request in accordance with the BOP Program Policy Statement and 18

U.S.C. § 3621(b).  Accordingly, the BOP did not err in calculating Wright's federal sentence and

did not abuse its authority in denying Wright a *nunc pro tunc* designation.

## V. CONCLUSION

Wright is not entitled to relief on any ground raised in his Petition.

**IT IS THEREFORE ORDERED THAT** the Petition under 28 U.S.C. § 2254 for a Writ

of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of

Appealability. 28 U.S.C. § 2253(c); *Banks v. Dretke,* 540 U.S. 668, 705 (2004) ("To obtain a

certificate of appealability, a prisoner must 'demonstrat[e] that jurists of reason could disagree

with the district court's resolution of his constitutional claims or that jurists could conclude the

issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El*

*v. Cockrell*, 537 U.S. 322, 327 (2003))). Any further request for a Certificate of Appealability

must be addressed to the Court of Appeals. *See* FED. R. APP. P. 22(b); 2D CIR. R. 22.1.

The Clerk of the Court is to enter judgment accordingly.

Dated: October 14, 2015.

/s/ James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
Senior United States District Judge
